# Richmond.

## CODY v. NORTON COAL CO.

November 18, 1909.

Absent, Buchanan, J.

1. SALES—*Warranty of Fitness—Negligent Use—Personal Injury—Damages.*—Although the seller of a fuse may have warranted it to be fit for the purpose for which it was intended, and that no personal injury would be inflicted in consequence of any defect therein, still the right to recover for a personal injury inflicted on the purchaser in consequence of the use thereof is subject to the qualification that the purchaser must have used it in a reasonable, careful and proper manner, and that the damages sustained must have been such as might have been reasonably anticipated.

2. PLEADING—*Declaration—Allegation of Negligence—Contributory Negligence—Case at Bar.*—A declaration, after alleging that the plaintiff purchased of the defendant fifty feet of fuse which the defendant warranted to be suitable for the use for which it was intended, averred that the plaintiff undertook to use the fuse in making a blast, and that when the fuse was first lighted in the ordinary way, and according to approved methods, it failed to fuse and smoke in the ordinary way; that supposing that the fuse had not taken fire, he undertook to light it a second time; that it again failed to show any sign of being lighted, as it should have done, and appeared to go out; whereupon the plaintiff supposing that the fuse had not taken fire, frazzled the end in the ordinary and customary way, and again applied the blaze, and again the fuse failed to respond; whereupon he again frazzled the end and applied the blaze the fourth time, and immediately upon the application of the blaze the explosion took place causing the injury of which the plaintiff complains. There was a demurrer to the declaration.

  *Held:* The conduct of the plaintiff in remaining by the fuse after he had applied fire to it precludes a recovery, and the demurrer to the declaration was, therefore, rightly sustained.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Pennington Bros.* and *Duncan & Kelly,* for the plaintiff in error.

*Bullitt & Chalkley* and *Ayers & Fulton,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Cody, plaintiff in error, sued the Norton Coal Company to recover damages for an injury. The defendant demurred to the declaration. The demurrer was sustained, and the suit dismissed.

The first count states that the plaintiff was an employee of the Norton Coal Company, which was engaged in mining coal; that the plaintiff was required to furnish his own tools and blasting material necessary in performing the services for which he had contracted with the defendant in and about the business of mining coal; that the defendant owned and operated a commissary store, where it sold to its employees blasting material, fuses and tools; that he purchased from the defendant fifty feet of fuse for blasting purposes, which the defendant warranted to be suitable for the use for which it was intended; that afterwards he took a portion of the fuse to the place assigned him to work in the mine, and after having prepared to make a blast with the fuse in connection with a stick of dynamite, the fuse so purchased from the defendant proved to be defective and not fit for the use for which he purchased it, "and when the said fuse was lighted in the ordinary way and according to approved methods of mining, and without any negligence or failure on the part of the said plaintiff to do and perform his duty in the manner of

handling the said fuse, the said fuse as aforesaid, when lighted, failed to fuse and smoke in the ordinary way.  The said plaintiff, as he had a right to do, supposing that as said fuse failed to show any signs of taking fire, undertook to light the said fuse the second time, whereupon the said fuse again failed to show any signs of being lighted, as it should have done, and appeared to go out, whereupon the said Cody, again supposing that said fuse had not taken fire, frazzled the end of the said fuse, as is customary and ordinary in cases of that kind, and again applied the blaze, and again the said fuse failed to respond or show any signs of having taken fire, whereupon the said plaintiff again frazzled the end of said fuse in the ordinary and customary way in mining, and applied the blaze again the fourth time, and immediately upon the application of the said blaze at the fourth time the said blast exploded thereby and with great force and violence  .  .  .  greatly injuring the said plaintiff by blowing out one of his eyes and severely injuring the other, breaking his left hand, tearing off his forefinger, and severely burning his face, neck and breast."

The second count is substantially identical with the first in the statement of facts as to the accident and the conduct of plaintiff at that time, and differs from it in that it does not aver a warranty of the fuse at the time of the purchase, but that when the fuse was purchased the defendant held it out and represented it to be suitable for the purposes for which it was intended; that the plaintiff relied upon the said representations, was himself ignorant that the fuse was defective and unsuitable for the purposes for which it was intended; and that the defendant did know, or by the use of due and ordinary care should have known, at the time of the sale that the fuse was dangerous and unsafe for the purposes for which it was purchased.

The defendant stated as the grounds of its demurrer (1) that "said declaration shows that the accident was caused by the contributory negligence of the plaintiff, viz., by his remaining by

the fuse after he had lighted it; (2) that the damage complained of was not the natural and probable result of a defective fuse; and (3) that the damages complained of are too remote. Defendant says that the second count in the said declaration is not sufficient in law, and, therefore, it demurs thereto, and for grounds of demurrer it alleges the same as are above set forth with reference to the first count, and also because said count does not show that defendant was in any manner responsible for any defect which might have existed in the fuse in the declaration referred to."

For our present purpose we shall concede, first, that there was a warranty, express or implied, with respect to the fitness of the fuse for the purposes for which it was intended; and, secondly, that for the same purpose it may be conceded that the warranty covers personal injuries inflicted by reason of the defect in the article warranted. Having made these concessions, we are further of opinion that the right of recovery must be subject to the qualification that the person injured by a breach of the warranty must have used the article purchased in a reasonable, careful and proper manner, and that the damages sustained must have been such as might have been reasonably anticipated.

In blasting coal or stone a hole is drilled in the object to be blasted, the explosive is introduced, is connected with a fuse, the hole is filled with earth or some proper material, properly tamped, and the fuse is fired. The fire passing along the fuse communicates with the powder or dynamite, and the explosion takes place. Obviously a suitable fuse must take fire when a lighted match or fire is brought into contact with it, and must continue to burn until it reaches the explosive. It must not burn too rapidly, for the operatives must have time to seek a place of safety.

Now, the declaration shows that the fuse was lighted in the first place in the ordinary way and according to approved methods, and that when so lighted it failed to fuse and smoke in the

ordinary way; that supposing that the fuse had not taken fire, the plaintiff undertook to light it a second time; that it again failed to show any sign of being lighted, as it should have done, and appeared to go out; whereupon the plaintiff, supposing that the fuse had not taken fire, frazzled the end in the ordinary and customary way, and again applied the blaze, and again the fuse failed to respond; whereupon he again frazzled the end of the fuse and applied the blaze the fourth time, and immediately upon the application of the blaze the explosion took place.

It does not appear from the declaration of what length the fuse was, or how rapidly a good fuse should have transmitted the fire, after its ignition, to the explosive—that is to say, how soon after the ignition the explosion should have occurred; but it is certain that the fuse took fire at some one of the efforts to fire it antecedent to the last, for when the fourth attempt was made, after having frazzled the fuse the second time, the declaration alleges that the explosion *immediately* took place. "Immediately" means at once; without interval of time. Webster's Dict. A fuse which would cause an explosion at once would certainly be defective—not because it failed to produce an explosion, but because it produced an explosion immediately— that is to say, without such interval of time as would enable the operative to seek a place of safety.

If the explosion was not the result of the final effort to ignite the fuse, then it must have been lighted as the result of one of the previous efforts, perhaps the first, or it may be the second. As we have said, the length of the fuse is not determined, nor is the proper rate at which a suitable fuse will transmit fire after it is ignited anywhere stated in the declaration. The only evidence of the insufficiency of the fuse and its want of adaptation to the use for which it was intended is that it "failed to fuse and smoke in the ordinary way." As it was in point of fact ignited (otherwise the explosion would not have occurred), its failure to smoke, so far from being proof of defect, is rather to be taken as proof to the contrary, for smoke is

the result of imperfect combustion (Ency. Britannica, vol. 22, p. 180); whereas fire accompanied by the least amount of smoke is evidence of the most complete combustion of the material used in making the fire.

Nothing could have been more imprudent and reckless than the conduct of the plaintiff. To put flame or fire to a fuse connected with dynamite, the object of which was to explode the dynamite, and to remain by it until the explosion occurred, upon the unwarranted assumption that the fuse was defective, instead of seeking a place of safety and there awaiting the result, was to invite and court disaster.

We are of opinion that the contributory negligence of the plaintiff was the proximate cause of the accident, and that the demurrer to the declaration was properly sustained.

The judgment of the Circuit Court is affirmed.

*Affirmed.*